BEFORE:     PEGGY KUO                         DATE:        4/13/2017
            U.S. MAGISTRATE JUDGE             START TIME:  3:02 p.m.
                                              END TIME:    4:12 p.m.
DOCKET NO.  CV-15-1264                        JUDGE:       PKC

CASE NAME:   Torres v. New York Methodist Hospital et al.


<u>CIVIL CONFERENCE</u>


PURPOSE OF CONFERENCE:     <u>Motion Hearing</u>


APPEARANCES:              Plaintiff:      <u>Steven Seltzer, Esq.</u>
                          Defendants:     <u>Brian Daniel Murphy, Esq.</u>

**SCHEDULINGS AND RULINGS:**

1.  The Court heard argument concerning Plaintiff's assertion of work product privilege
    on non-party Gregg Perez's Supplemental Privilege Log at [57-1] and Second Privilege
    Log at [57-2], the latter including emails from Mr. Perez to Mr. Seltzer's former email
    account at the domain name "@yrsslaw.com." The Court reviewed *in camera*
    approximately nineteen documents from the Supplemental Privilege Log and a
    selection of documents from the Second Privilege Log, and ruled as follows:

    a.  Documents 6, 7 and 8 on Mr. Perez's Supplemental Privilege Log at [57-1]
        are protected and thus may be withheld from production.

    b.  With regard to both privilege logs [57-1] and [57-2], all emails from Mr.
        Seltzer to Mr. Perez are protected by the attorney work product privilege
        and may be withheld from production.

    c.  With regard to both privilege logs [57-1] and [57-2], emails from Mr. Perez
        to Mr. Seltzer are not protected by the attorney work product privilege and
        shall be produced. However, to the extent that Mr. Perez's emails reflect Mr.
        Seltzer's legal advice, such legal advice may be redacted. Where it is apparent
        from the face of an email from Mr. Perez to Mr. Seltzer that the email was
        sent at Mr. Seltzer's direction or reflects Mr. Seltzer's legal advice, such email
        may be withheld from production. Where it is apparent from the face of an
        email that Mr. Perez sent Mr. Seltzer documents specifically for his files,
        such email may be withheld from production.

1

2. The deadline for the close of discovery is **June 21, 2017**. The parties must certify to the Court by **June 22, 2017** that discovery has been completed.

3. The parties shall file any motions for a pre-motion conference before Judge Chen by **July 6, 2017**.